CALOGERO, Justice,
concurring in the denial of writs.
The political activity which is prohibited by the Louisiana Constitution is exclusively “an effort to support or oppose the election of a candidate for political office or to support a particular party in an election.” Supporting the fact that the prohibition is distinctly so limited is a provision of that same article to the effect that support of issues involving constitutional amendments shall not be prohibited. The word constitutional refers to a generic constitution, including a city charter and not simply to the Louisiana Constitution or United States Constitution, in my view. Whether the foregoing is true, that “constitutional” refers to a generic constitution, the proscription or prohibition is nonetheless limited to supporting or opposing the election of a candidate. And the third term election in this case involves a “constitutional” issue (only two successive terms, or only three?), however much interwoven in the incumbent mayor’s effort to become eligible to serve a successor third term as mayor.
The delegates to the 1973 Constitutional Convention were acutely aware that this constitutional issues provision would permit classified employees “to go out and support a two term amendment like we had in ... 1966,” (the question by delegate Jenkins was with reference to a Louisiana Constitutional amendment proposition in 1966), for the delegate who handled the article on the floor of the convention candidly admitted that that was a consequence, although not the only purpose of the provision. 9 Records of the Louisiana Constitutional Convention of 1973. Convention Transcripts 2708.
It is therefore correct for the lower courts to have enjoined the Civil Service Commission from interfering with the City classified employees’ right to participate in an October 19th referendum to amend the city charter’s two term limit on mayors.
However difficult it may be for the Civil Service Commission to distinguish between pro three term activity and pro incumbent mayor candidacy, it nonetheless remains that the Commission is free to prohibit, now or hereafter, civil servants’ espousing re-election of the incumbent mayor (or any other office holder). The Court of Appeal so held, and they were correct.
For these reasons I concur in the majority’s denial of writs.